IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:03CV314-1-MU

CHARLES LOUIS FUHRY,  )
        )
    Plaintiff,  )
        )
    v.  )    **O R D E R**
        )
Lt. EDWARDS,  )
        )
    Defendant.  )
_____)

**THIS MATTER** comes before the Court upon Defendant's Motion for Summary Judgment, filed January 7, 2004.

On June 18, 2003, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendant Edwards,[1] a correctional officer, had failed to protect him from being raped by two fellow inmates. For the reasons set forth below, this Court finds that Defendant Edwards' Motion for Summary Judgment should be granted and Plaintiff's Complaint should be dismissed.

## STATEMENT OF FACTS

In his Complaint Plaintiff alleges that on December 2, 2001, while in the Yard, Stanley Ramseur ("Ramseur"), a fellow inmate, called Plaintiff over to him. Plaintiff states that he walked up to Ramseur who grabbed him and then Ramseur and another inmate pinned Plaintiff's arms behind his back and placed a shank under his chin. Plaintiff states that Ramseur proceeded to

---

[1] In a September 12, 2003, Order this Court dismissed two defendants because Plaintiff failed to state a claim against them. In addition, this Court ruled that the North Carolina Department of Corrections was not a proper party to this action.

inappropriately touch him. After a minute or so they released Plaintiff and told him "you belong to us" and "you're our people now."

Both Plaintiff and Defendant agree that on December 3, 2001, Plaintiff spoke to Chaplain Streeter who referred Plaintiff to Defendant Edwards, a correctional officer. Nor is it disputed that that same day Defendant Edwards and Plaintiff had a conversation in which Plaintiff referred to problems he was having with Inmate Ramseur and others.

Plaintiff and Defendant Edwards version of the precise conversation that took place differ. For the purpose of ruling on Defendant's Motion for Summary Judgment, however, the Court will take Plaintiff's allegations as true. With regard to this conversation, Plaintiff alleges that he informed Defendant Edwards about what occurred in the Yard and that he informed him that he "feared for his safety." Plaintiff states that Defendant Edwards responded by asserting that it sounded like Plaintiff was "playing for a transfer." Plaintiff alleges that Defendant Edwards then stated "that is how Ramseur operates"[2] and proceeded to state that protective custody would kill Plaintiff's chances at a hardship transfer and that he would resolve the situation by moving Ramseur to a different yard. Plaintiff states that the next day Ramseur was moved to a different yard. Plaintiff states that the following day Ramseur crossed back into his yard and ultimately attacked and raped him.

## **ANALYSIS**

The Eighth Amendment prohibition against cruel and unusual punishment imposes upon correctional officers the obligation to protect inmates from harm from other inmates. To succeed

---

[2] Defendant Edwards disputes that he made such a comment. More importantly, Plaintiff offers no evidence whatsoever to support the conclusion that inmate Ramseur was a known sexual predator in the prison and that Defendant Edwards knew of this fact.

on a failure to protect claim a plaintiff must show that defendants had knowledge of a substantial or pervasive risk of serious harm and acted with deliberate indifference to a plaintiff's safety by failing to correct the situation. See Farmer v. Brennan, 511 U.S. 825 (1994). Not every injury suffered by an inmate at the hands of other inmates, however, translates into constitutional liability for the prison officials responsible for the victim's safety. Id. at 835. To establish deliberate indifference, a plaintiff must establish that a defendant knew that an inmate faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable actions to abate it. Id. at 847. Moreover, a prison official with actual knowledge of a substantial risk of harm to an inmate may still be found "free from liability if [he] responded reasonably to the risk, even if the harm ultimately was not averted." Id. at 842-56. The Eighth Amendment is not violated by the negligent failure to protect inmates from violence. See Whitley v. Abers, 475 U.S. 312 (1986).

As set forth above, in his Complaint, Plaintiff states that on December 2, 2001, he informed Defendant Edwards about the incident in the Yard between himself and Ramseur. Plaintiff states that at that time he informed Defendant that he "feared for his safety." In response Plaintiff alleges that Defendant stated that he would not put Plaintiff in protective custody as it would interfere with his transfer to another facility.[3] However, Defendant stated that he would move Ramseur from the West Yard - where Plaintiff was also assigned – to the East Yard. Plaintiff does not assert that he disagreed with that solution.

Based upon Plaintiff's own version of the events, this Court concludes that, at most, Defendant was negligent. Plaintiff approached him with his concerns which involved one incident

---

[3] It is undisputed that Plaintiff had a strong desire to transfer from Brown Creek Correctional Institution in order to be closer to his family. Defendant and Plaintiff's versions of this conversation differ but for purposes of this Order, the Court will use Plaintiff's version of the events.

between Plaintiff and another inmate with whom Plaintiff had had no prior run-ins.[4] By Plaintiff's own admission, Defendant Edwards did not ignore the situation. Rather, he stated that he would place Plaintiff and the other inmate in separate Yards to eliminate the possibility that the two would encounter one another outside.[5] There is absolutely no evidence that Plaintiff objected in any way to this solution. In fact, it is not clear from the record that Plaintiff ever even requested protective custody[6] – moreover Plaintiff had a history of refusing placement in protective custody after complaining about incidents with other inmates.[7]

Plaintiff tries to buttress his claim by asserting that Defendant violated a prison rule when he failed to document their conversation on December 3, 2001. First, based upon Plaintiff's own assertions, it is unclear to the Court that prison policy was violated. That is, the policy appears to require written documentation only when an inmate requests protective custody. Here it is not clear that Plaintiff ever requested such status. Moreover, even if prison policy was violated, such a fact does not necessarily amount to a constitutional violation. See Rich v. Bruce, 129 F.3d 336, 339-40 (4th Cir. 1997).

---

[4] Plaintiff himself states in his Complaint that in his six months at Brown Creek he had spoken a couple of times to Ramseur and that at no time had Ramseur presented him any danger.

[5] Plaintiff makes no allegation to support the conclusion that Defendant Edwards had any reason to believe that such a solution would not resolve the situation.

[6] In his Complaint, Plaintiff states that he reported that he feared for his safety. He never states that he requested protective custody. In contrast, in his affidavit, Defendant Edwards specifically states that Plaintiff never requested protective custody.

[7] Indeed just three days before Plaintiff had raised concerns with other prison officials over his interaction with another inmate and had repeatedly refused offers of protective custody. (Flower Aff., Atwater Aff., Kersay Aff.). In addition, Plaintiff declined to be placed in segregation after the rape. (Flowers Aff. ¶ 7).

While the harm allegedly suffered by Plaintiff at the hands of Inmates Ramseur and McDowell is most unfortunate, the facts as alleged by Plaintiff himself are simply insufficient to support a finding that Defendant Edward had knowledge of a substantial or pervasive risk of serious harm and acted with deliberate indifference to Plaintiff's safety by failing to correct the situation. At most, it could be argued that Defendant Edwards was negligent.[8]

**IT IS THEREFORE ORDERED THAT:**

1. Defendant's Motion for Summary Judgment is **GRANTED**; and

2. Plaintiff's Complaint is **DISMISSED**.

---

[8] Indeed, Plaintiff himself characterizes Defendant Edwards' actions as negligent. (Pl. March 20, 2004, Resp.).

**Signed: January 13, 2006**

*Graham C. Mullen*
Graham C. Mullen
Chief United States District Judge